EUDELA, APPELLANT, *v.* OHIO DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION, APPELLEE.

(No. 86AP-425 — Decided October 14, 1986.)

*Connelly, Soutar & Jackson, William M. Connelly, Steven R. Smith* and *Anthony P. Georgetti,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *David J. Kovach,* for appellee.

STRAUSBAUGH, J. Plaintiff is a duly licensed physician in the state of Ohio. Upon completion of his residency in psychiatry in 1979, he was appointed to the unclassified position of psychiatrist at the Toledo Mental Health Center in Toledo, Ohio.

On May 26, 1982, plaintiff received written notice from John P. Rogers, the Superintendent of the Toledo Mental Health Center, that revocation of his appointment was being considered due to

charges of sexual harassment by a female employee. Plaintiff was also given a list of options which he could exercise with regard to the revocation of his appointment. These options were made known pursuant to former Ohio Adm. Code 5119-7-11(F). Plaintiff's options were stated as follows:

" '1. The opportunity to resign your unclassified appointment without fear of reprisals and without prejudice.

" '2. The opportunity to assume a position in the classified service if you were appointed to your unclassified position from the classified service (this position is to be identified by the director of the department of administrative services). Note that full-time physicians and dentists do not possess these so-called backup positions.

" '3. The opportunity to request a written statement of reasons as to why the revocation of your unclassified appointment is being considered.

" '4. The opportunity to request an informal meeting with the appointing authority to discuss the statement of reasons and to have your attorney or another representative of your choice present.

" '5. The opportunity to have the decision of the appointing authority to revoke your appointment reviewed by his administrative superior if you feel the appointing authority acted with malfeasance or criminal intent.' "

Plaintiff selected only the fourth option. The next day, a meeting was held in Rogers' office. At this meeting, plaintiff was represented by counsel. In addition, plaintiff brought three colleagues to testify as to his character. Rogers explained that revocation of plaintiff's appointment was being considered due to repeated charges of sexual harassment brought by a female employee. Despite the urging of plaintiff's counsel, Rogers refused to divulge the identity of the female complainant or specify the times, dates, or places of the acts contained in the complaint she had lodged against plaintiff. Subsequent to the meeting, Rogers, in writing, offered to suspend plaintiff for fifteen days provided that he seek professional help in lieu of revoking the employment. Upon plaintiff's rejection of that proposal, Rogers informed plaintiff that his appointment was revoked and his employment was terminated as of June 4, 1982.

Plaintiff appealed the revocation to Meyers R. Kurtz, the then-Director of the Ohio Department of Mental Health and Mental Retardation, and to Dr. Howard Sokolov, Commissioner of the Ohio Department of Mental Health and Mental Retardation. Both affirmed plaintiff's termination.

Plaintiff initiated an action in mandamus in the Sixth District Court of Appeals against Rogers, Kurtz, and Sokolov, seeking a writ of mandamus compelling defendants to "conduct a hearing during which * * * [plaintiff] will be informed of the nature of the charges against him, including the names of the parties alleging these actions, the details of the alleged acts, and the dates that the alleged acts occurred, so that he may adequately defend himself against those charges in a manner that is consistent with his due process rights." In addition, plaintiff sought reinstatement with back pay from June 4, 1982.

The court of appeals granted the requested writ and ordered that plaintiff be reinstated with back pay as of the date of his dismissal.

The Supreme Court reversed the appellate court, holding that plaintiff had an adequate remedy at law by way of a declaratory judgment pursuant to R.C. 2721.03. The court also held that plaintiff had no clear legal right to the relief prayed for in his complaint. *Eudela* v. *Rogers* (1984), 9 Ohio St. 3d 159, 9 OBR 448, 459 N.E. 2d 539.

Thereafter, plaintiff filed a complaint for declaratory judgment and

other relief in the Court of Claims. The Court of Claims granted defendant's motion for summary judgment, reasoning that plaintiff's informal meeting was adequate; that as an unclassified employee, plaintiff had no property interest in continued employment; and that plaintiff was not deprived of any liberty interest.

Plaintiff asserts the following three assignments of error:

"1. The Court of Claims was in error in holding that Dr. Eudela did not suffer wrongful discharge even though his termination was carried out in contravention of the rules governing the Ohio Department of Mental Health.

"2. The Court of Claims was in error by not finding that Dr. Eudela enjoyed both a property interest and a liberty interest which could be denied only in accordance with due process.

"3. The Court of Claims was in error by not ruling on whether Dr. Eudela is entitled to back pay from the date on which he was unlawfully discharged."

In his first assignment of error, plaintiff contends that defendant failed to abide by its own rules regarding termination of unclassified employees; that he was without knowledge of the specific charges against him; and that he could not give a meaningful defense to the charges against him.

Former Ohio Adm. Code 5119-7-11 (F) provides, in part, that:

"(4) * * * If the employee desires to have a written statement of reasons as to why the revocation of his unclassified appointment is being considered, the appointing authority shall provide same. The statement of reasons is considered to be a private communication between the appointing authority and the employee. The appointing authority shall therefore ensure that the statement of reasons remains confidential. It should not be maintained as part of the employee's personnel file. The statement of reasons shall also indicate that the employee has an opportunity to request an informal meeting with the appointing authority to discuss these reasons. He shall have at least seven calendar days from the date of his receipt of the statement of reasons to request the meeting.

"(5) * * * If a request for an informal meeting is received, the appointing authority shall set a date for the meeting. At the informal meeting the employee shall have an opportunity to discuss with the appointing authority the reasons why he believes his unclassified appointment should not be revoked. Although this meeting is considered to be an informal discussion, the employee may be accompanied by an attorney or another representative of his choice."

Plaintiff contends that defendant violated this rule by failing to provide him a right to a meaningful informal hearing; that he had the right to know the identity of the person making the accusations; and that the informal meeting provided him was insufficient. We do not agree with these contentions.

Plaintiff was informed of the charges against him and he elected to receive an informal hearing. Plaintiff attended that meeting with an attorney and three character witnesses. Plaintiff's counsel argued strenuously the reasons why plaintiff should not be dismissed. Thereafter, defendant altered the dismissal, offering plaintiff continued employment if he received treatment. Plaintiff refused this offer and was dismissed. He then appealed to the next higher authorities, who determined that no malfeasance was involved and affirmed the dismissal. We find that the plaintiff was not legally entitled to any other procedures.

Former Ohio Adm. Code 5119-7-11 (F)(5) provides that plaintiff would have the opportunity at the informal meeting "to discuss with the appointing authority the reasons why he believes his unclassified appointment should not be

revoked." Plaintiff was given that opportunity.

Further, former Ohio Adm. Code 5119-7-11(C)(10) states that, as an unclassified employee, plaintiff was appointed at the discretion of defendant, accrued no tenure, and served at the pleasure of the appointing authority. Accordingly, plaintiff could be dismissed from his position without cause absent any discrimination, and plaintiff stipulated that no discrimination was alleged.

It is true that Ohio Adm. Code 5119-7-11(F)(5) modifies Ohio Adm. Code 5119-7-11(C)(10) in the sense that it adds another step in the dismissal process — an informal meeting. As noted above, however, plaintiff received that informal meeting and received all that to which he was entitled.

Plaintiff's first assignment of error is overruled.

In his second assignment of error, plaintiff argues that he had a property interest in his employment subject to procedural due process.

This argument is dependent upon accepting plaintiff's argument above that he did not receive an adequate informal meeting. However, we hold that defendant has provided plaintiff with an informal meeting in compliance with former Ohio Adm. Code 5119-7-11(F)(5).

In the instant case, there is no constitutional or statutory right to employment. Plaintiff could be innocent of the charges of sexual harassment and still be dismissed without cause from his unclassified appointment, absent discrimination or malfeasance. Plaintiff insists that he was not given a meaningful opportunity to argue that he should not have been dismissed, in spite of the fact that he presented witnesses, had an attorney present, and appealed his dismissal to higher authorities.

It would be an exercise in futility to require a further informal meeting serving no further purpose and leading to the protection of a nonexistent right. As

the trial court correctly noted, requiring further procedures and protections would effectively abolish the distinction between classified and unclassified positions. We decline to embark upon such a path.

Plaintiff's second assignment of error is overruled.

Plaintiff's third assignment of error, that the trial court erred in denying back pay, is moot, inasmuch as plaintiff was not entitled to employment. Accordingly, the third assignment of error is overruled.

Plaintiff's assignments of error are overruled, and the judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

WHITESIDE and McCORMAC, JJ., concur.