LEE, Appellant,

v.

CUYAHOGA COUNTY COURT OF COMMON PLEAS et al., Appellees.

[Cite as *Lee v. Cuyahoga Cty. Court of Common Pleas* (1991), 76 Ohio App.3d 620.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59415.

Decided Dec. 30, 1991.

*Martha C. Lee, pro se.*

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, *Richard A. Goulder* and *Jerome E. Dowling*, Assistant Prosecuting Attorneys, for appellees.

---

JOHN F. CORRIGAN, Judge.

Appellant Martha C. Lee appeals from the order of the trial court dismissing her complaint for failure to state a claim upon which relief can be granted. For the reasons set forth below, we affirm.

I

Appellant commenced this action on March 7, 1989, against the Cuyahoga County Court of Common Pleas and the Cuyahoga County Board of Commissioners. Appellant amended her complaint on May 2, 1989.

In her amended complaint appellant made the following factual allegations: she was employed as a law clerk for the common pleas court from June 1979 through March 1983; there existed no employee handbook or other written memorialization of internal rules pertaining to law clerks at any time plaintiff was employed by the court; the employment was open-ended: that is, law clerks' employment was not limited to a specific term, with some law clerks staying on three, four, and five or more years without objection; she was involved in a serious non-work related accident in March 1980 at which time she was working directly for Judges Richard Markus and Bernard Friedman; as a result of the 1980 accident fellow employees, including Stanley Kent, the Chief Law Clerk, sent her flowers and visited her; as a result of the 1980 accident she was permitted to take sick time in excess of the allowable limit; after the 1980 accident, Judge Markus assisted her in obtaining counsel from his former law firm for her personal injury suit; she was granted a one-month leave of absence in December 1982 to further recover from her injuries; she resigned in March 1983 because she was unable to handle the responsibilities of her employment and she was never told of a court policy of not rehiring law clerks once they leave; she reapplied for a position as a law clerk two years after her resignation, but was not rehired.

Appellant filed a claim with the Ohio Civil Rights Commission based upon the common pleas court's failure to re-hire her. The Ohio Civil Rights Commission found that no probable cause existed for the filing of the claim.

The specific legal allegations made in appellant's amended complaint are that the court breached a fiduciary duty to appellant, and that the court violated the Equal Protection and Due Process Clauses of the Ohio Constitution by failing to tell her of the no-rehire policy. Appellant alleges that the

fiduciary relationship was created with the court because she reposed her trust in her superiors after the time of her 1980 accident.

Appellant's amended complaint was dismissed by the trial court pursuant to Civ.R. 12(B)(6). This appeal timely follows.

## II

Appellant has set forth the following assignment of error:

"The trial court erred in granting the defendants' motion to dismiss because the plaintiff sufficiently set forth the elements of a cause of action premised on a violation of her right to due process under the Ohio Constitution and a cause of action for fraud."

Pursuant to Civ.R. 12(B)(6), a complaint will be dismissed when it fails to state a claim upon which relief can be granted. Appellant first contends that her complaint stated a claim for a due process violation under the Ohio Constitution.

"In providing that no state shall 'deprive any person of life, liberty, or property, without due process of law,' the Fourteenth Amendment to the United States Constitution requires that substantial procedural safeguards be provided in our legal system before one may be deprived of a *property right.* Section 16 of Article I of the Ohio Constitution, states, in part that: 'All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay.' When read in conjunction with Sections 1 and 19 of Article I, Section 16 provides substantially the same safeguards as does the Fourteenth Amendment." (Emphasis added.) *Peebles v. Clement* (1980), 63 Ohio St.2d 314, 317, 17 O.O.3d 203, 204, 408 N.E.2d 689, 691; see, additionally, *State ex rel. Heller v. Miller* (1980), 61 Ohio St.2d 6, 15 O.O.3d 3, 399 N.E.2d 66. In order to have a valid due process claim, therefore, appellant must establish that she has a "property right" in her employment with the common pleas court.

Appellant is an "unclassified" public employee pursuant to R.C. 124.11. Under Ohio Adm.Code 5119–7–11(C)(10), an unclassified employee is appointed at the discretion of the appointing authority and serves at the pleasure of such authority. See, additionally, *Eudela v. Ohio Dept. of Mental Health & Mental Retardation* (1986), 30 Ohio App.3d 113, 30 OBR 213, 506 N.E.2d 947.

Court employees, such as appellant, who serve at the pleasure of the court are in a position of a public employee to whom the principle set forth in *Fuldauer v. Cleveland* (1972), 32 Ohio St.2d 114, 61 O.O.2d 374, 290 N.E.2d 546, paragraph three of the syllabus, applies:

"A public officer or employee holds his office as a matter of law and not of contract, nor has such officer or employee a *vested interest or private right of property* in his office or employment." (Emphasis added.)

As a public employee serving at the pleasure of the common pleas court, appellant did not have a property right in her employment and thus may not bring a claim under the Due Process Clause of the Ohio Constitution.

Second, appellant contends that her complaint stated a cause of action for fraud based upon the common pleas court's breach a fiduciary duty it owed to her.

Specifically, appellant's complaint states that:

"18. The Defendants' relationship with the plaintiff after her accident, based on the above-related instances of special treatment, social interaction, and entrustment of other business affairs, was fiduciary in nature and involved a special trust and confidence reposed by plaintiff in the defendants.

"19. As fiduciaries, the defendants had a duty to inform plaintiff of all material facts pertaining to her employment with them, including the fact that once a law clerk resigns, he or she absolutely can never come back.

"20. Plaintiff would have re-thought her decision to resign had she known that she could not come back, and would not have resigned."

While it is true that a fiduciary relationship may be created out of an informal relationship, this occurs *only* when *both* parties understand that a special trust or confidence has been reposed. *Blon v. Bank One, Akron, N.A.* (1988), 35 Ohio St.3d 98, 102, 519 N.E.2d 363, 368; *Umbaugh Pole Bldg. Co. v. Scott* (1979), 58 Ohio St.2d 282, 286, 12 O.O.3d 279, 281, 390 N.E.2d 320, 323.

Appellant's allegation that she reposed a special trust or confidence in her employer is insufficient as a matter of law without the further allegation that *both* parties understood that this fiduciary relationship existed.

Further, we find that the facts upon which appellant found this fiduciary relationship and which stem from her tragic accident are insufficient to form a fiduciary relationship.

For these reasons we find that appellant's assignment of error is not well taken.

*Judgment affirmed.*

FRANCIS E. SWEENEY, P.J., and JAMES D. SWEENEY, J., concur.