OPINION
Appellee Canton Township Board of Trustees ("Trustees") hired Appellant Charles Merritt as the Canton Township Zoning Inspector on June 1, 1991. Appellant held this position until January 2, 1996. On this date, the trustees conducted an organizational meeting and voted not to re-hire appellant as the zoning inspector.
Trustee Lou Ann Lehmiller, stated on the record, that she voted not to re-hire appellant because he issued a zoning permit to Stark Community Dispatch, a company that provides dispatch services for local fire departments, to operate in an area zoned rural residential. After nearly three years of operation in the rural residential zone, Stark Community Dispatch filed an application for reclassification of property. The Stark County Regional Planning Commission recommended approval of the proposed rezoning to the Canton Township Zoning Commission.
Appellant appealed his termination to the Stark County Court of Common Pleas on March 20, 1996. Appellee moved for summary judgment and appellant moved for partial summary judgment. On March 12, 1997, the trial court issued a judgment entry granting appellee's motion for summary judgment and denying appellant's motion for partial summary judgment.
Appellant timely filed his notice of appeal and sets forth the following assignments of error:
 I. THE STARK COUNTY COURT OF COMMON PLEAS ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS THERE IS A MATERIAL ISSUE OF FACT REGARDING MR. MERRITT'S LIBERTY INTEREST IN CONTINUED EMPLOYMENT BY THE CANTON TOWNSHIP BOARD OF TRUSTEES.
 II. THE STARK COUNTY COURT OF COMMON PLEAS ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS THERE IS A MATERIAL ISSUE OF FACT REGARDING WHETHER MR. MERRITT'S EMPLOYMENT RELATIONSHIP WAS CHANGED FROM AN AT-WILL RELATIONSHIP.
 Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellant's assignments of error.
 I
Appellant contends, in his first assignment of error, that he had a liberty interest in his continued employment by appellee such that he was entitled to procedural due process. Based upon this liberty interest, appellant claims he was entitled to a pre-deprivation hearing and a full name clearing hearing following the termination of his employment. We disagree.
In addressing this assignment of error, we must first determine whether appellant was a classified or unclassified employee with the township. Pursuant to R.C. 124.11(B) and R.C.124.01(G), we find appellant was an unclassified employee. R.C.124.11(B) provides as follows:
 (B) The classified service shall comprise all persons in the employ of the state and the several counties, cities, city health districts, general health districts, and city school districts thereof, not specifically included in the unclassified service.
Townships and villages are not included in the above definition. Further, Canton Township is not a "civil service township" as defined in R.C. 124.01(G). A "civil service township" is defined as:
 (G) * * * any township with a population of ten thousand or more persons residing within the township and outside any municipal corporation, which has a police or fire department of ten or more full-time paid employees, and which has a civil service commission established under division (B) of section 124.40 of the Revised Code.
Canton Township has not created a "civil service township". Further, the employee manual, which appellant refers to, provides that:
SECTION 1 Canton Township Trustees' Authority
 The Canton Township Trustees by statute, may suspend, demote or discharge employees in their employ. Generally, all employees serve at the pleasure of the Board of Trustees.
An unclassified employee is appointed at the discretion of the appointing authority, accrues no tenure and serves at the pleasure of the appointing authority. An unclassified employee can be dismissed from his or her position without cause absent any discrimination or malfeasance. Deoma v. City of Shaker Heights.
(1990), 68 Ohio App.3d 72, 81, certiorari denied (1990), 56 Ohio St.3d 704;Eudela v. Ohio Dept. of Mental Health MentalRetardation (1986), 30 Ohio App.3d 113, paragraph one of the syllabus; Lee v. Cuyahoga Cty. Court of Common Pleas (1991),76 Ohio App.3d 620, 622.
Employees in unclassified service hold their positions at the pleasure of the appointing authority, may be dismissed from their employment without cause, and are afforded none of the procedural safeguards available to those in classified service. Suso v. OhioDept. Of Dev. (1993), 93 Ohio App.3d 493, 499, certiorari denied (1994), 69 Ohio St.3d 1449; Huber v. Celebrezze (1984), 14 Ohio App.3d 299,301. Thus, an unclassified employee, lacking a property right, may be discharged without a hearing. Shearer v.Cuyahoga County Hospital, Sunny Acres (1986), 34 Ohio App.3d 59,60. Based upon the Ohio Revised Code and case law, we find appellant was an unclassified employee.
We will now address appellant's claim under 42 U.S.C. § 1983. In order to state a claim under 42 U.S.C. § 1983, appellant must demonstrate that his procedural due process rights were violated. To establish a due process violation, it must be shown that the conduct complained of deprived appellant of a liberty or property interest without adequate procedural safeguards. Bd. of Regentsof State Colleges v. Roth (1972), 408 U.S. 564, 569. We have already determined that appellant has no property interest in his employment as an unclassified employee. Absent a property interest, a name clearing hearing is required only if the employer creates and disseminates a false and defamatory impression about the employee in connection with his termination so as to infringe on his right to liberty. State ex rel. Kilburn v. Guard (1983),5 Ohio St.3d 21, 23.
A liberty right is infringed upon when the following elements are established:
(1) a false statement;
(2) of a stigmatizing nature;
(3) attending a governmental employee's discharge;
(4) made public;
(5) by the governmental employer;
 (6) without a meaningful opportunity for [an] employee name clearing hearing. Warren v. Crawford (C.A. 11, 1991), 927 F.2d 559, 565, citing Buxton v. City of Plant City (C.A.11, 1989), 871 F.2d 1037, 1042-43.
Appellant fails to meet the first requirement to establish the infringement of a liberty right because we find, as did the trial court, that Lehmiller's statement was not false. Appellant signed the zoning permit allowing Stark Community Dispatch to establish business in an area zoned rural residential. Appellant did not even attempt to prove this statement false. Further, appellant produced no evidence that his employment opportunities were foreclosed. Appellant admitted that he did not try to find another job and also stated that the non-renewal did not affect his ability to find another job because persons he has consulted with know him. Depo. Charles Merritt at 31-32, 42.
Based upon the above, we find appellant did not have a property interest or a liberty interest in continued employment by Canton Township. Therefore, he was not denied procedural due process when he was not afforded a pre-deprivation hearing or full name clearing hearing following the termination of his employment. The trial court properly granted summary judgment on this claim.
Appellant's first assignment of error is overruled.
 II
Appellant contends, in his second assignment of error, that the Canton Township Employee Handbook altered the employer-employee relationship from an at-will relationship and appellant was therefore justified in relying on the terms of the handbook. We disagree.
Prior to addressing this assignment of error, we note that a question exists concerning the validity of the handbook. This is due to the fact that the outgoing board of trustees attempted to adopt an employee handbook, prior to leaving office. However, the outgoing board did not declare an emergency which would have eliminated the necessity of two readings before the public. Appellee claims the handbook is therefore void ab initio. We will not directly address this issue, on appeal, but instead assume the handbook was properly adopted by the outgoing board.
Appellant claims, in his complaint, that his employment was governed by R.C. 511.10. This statute provides that:
 [t]he board of township trustees may appoint such superintendents, architects, clerks, laborers, and other employees as are necessary and fix their compensation. Any person so appointed may be removed by a majority of the members of such board at any time. * * *
The Ohio Supreme Court has held that the power to appoint, without interference, also implies the power to discharge. State ex rel.Minor v. Eschen (1995), 74 Ohio St.3d 134, 139. Clearly, this statute, which appellant relies upon, establishes his employment as at-will.
Appellant also argues, under this assignment of error, that the language "all civil service rules and regulations" changed his status of employment. We disagree because as noted in appellant's first assignment of error, Canton Township is not a civil service township as defined in R.C. 124.01(G). Further, the handbook contains language that specifically precludes the creation of classified service. See Section 1 of the employee handbook addressing township trustees' authority.
We also find that appellant's claim that he has an oral contract of employment is invalid, under R.C. 1335.05, because it violates the Statute of Frauds in that any contract for more than one year must be in writing. Finally, and most importantly, appellant admitted, at his deposition, that he did not rely upon the employee handbook. Appellant testified as follows:
 Q: All right. You weren't relying upon this handbook, were you?
A: With respect to what?
 Q: Relative to governing the future terms of your employment.
 A: No. I had no reason to because there was nothing that I had done to cause me to be discharged.
 Q: I guess my question is you weren't relying on the handbook; is that right?
* * *
A: No. Why should I? Depo. Charles Merritt at 28-29.
We find that the employee handbook did not alter appellant's employment with Canton Township such as to create any contractual rights. Further, appellant admitted that he did not rely upon the handbook. The trial court properly granted summary judgment as no material issue of fact exists as to whether the employer-employee relationship was altered by the employee handbook.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J., Reader, J., concurs.
Gwin, P. J., dissents.