[Cite as *Shelton v. Gallia Cty. Veterans Serv. Comm.*, 194 Ohio App.3d 80, 2011-Ohio-1906.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| SHELTON, | : | |
| | : | |
| Appellee, | : | Case No: 10CA14 |
| | : | |
| v. | : | |
| | : | |
| GALLIA COUNTY VETERANS | : | DECISION AND |
| SERVICE COMMISSION, | : | JUDGMENT ENTRY |
| | : | |
| Appellant. | : | File-stamped date:  4-15-11 |

APPEARANCES:

Michael A. Moses, for appellee.

Eugene P. Nevada, for appellant.

Kᴌɪɴᴇ, Judge.

{¶1}    The Gallia County Veterans Service commission ("the commission") appeals the judgment of the Gallia County Court of Common Pleas.  The trial court remanded this matter to the State Personnel Board of Review ("the board") for the board to hold an evidentiary hearing to determine whether equitable tolling should apply to Charles Lewis Shelton's case.  Because we find that Shelton's appeal to the board was untimely, we sustain the commission's first assignment of error and reverse the judgment of the trial court.

I

**{¶2}**     The commission hired Shelton to work as a driver but designated him as an independent contractor rather than as an employee.  On February 18, 2009, the commission's executive director, Keith Jeffers, terminated Shelton.  Shelton wrote a letter to the commission on February 19, 2009, claiming that he had been "wrongfully terminated."  In a letter dated March 10, 2009, the commission responded to Shelton's letter and informed him that the commission had "ratified the decision of Keith Jeffers, Veterans Service Officer/Executive Director to terminate [Shelton's] at will independent contract as a transport driver with the commission, effective on February 18, 2009."

**{¶3}**     Shelton contested his removal in an appeal to the board, which Shelton filed on September 10, 2009.  The notice of appeal indicated that Shelton challenged his removal and that the removal was both received and effective on February 18, 2009.  By its own terms, Shelton filed his notice of appeal 220 days after his removal.

**{¶4}**     Shelton attached a letter from the Ohio Public Employees Retirement System ("OPERS") to the notice of appeal. The OPERS letter indicated that "senior staff review concludes that Mr. Shelton was not an independent contractor, but a public employee.  There was no bilateral agreement defining the rights, obligations, benefits and responsibilities of the parties.  Mr. Shelton was paid an amount directly related to the work and services performed; was covered by the County's workers' compensation plan and automobile insurance; was an intermittent employee who would not be eligible for fringe benefits; was not required to provide and pay for assistants or replacements, was controlled as to the manner of work, and although he received a form 1099 for tax

reporting purposes, he was paid from the general fund and as a public employee, he should have received a form W-2."

{¶5}    The OPERS letter was dated September 3, 2009. Shelton filed his appeal with the board seven days later, on September 10, 2009. An administrative law judge recommended that the board dismiss Shelton's appeal. The administrative law judge determined that the board was "without jurisdiction to hear this appeal because the appeal was not filed within thirty (30) calendar days after [Shelton] received actual notice of his removal, as required by Ohio Administrative Code Section 124-1-03(I)."

{¶6}    In response to the administrative law judge, Shelton wrote two letters to the board. Both of these letters essentially argue that the deadline for filing an appeal in Shelton's case should be extended because the commission expressly represented that Shelton was an independent contractor and not an employee. Notwithstanding these letters, the board dismissed Shelton's appeal on November 6, 2009.

{¶7}    Shelton appealed this determination to the Gallia County Court of Common Pleas. The Gallia County Court of Common Pleas reversed "the decision of the [board], and remand[ed] the case for an evidentiary hearing on the issue of whether equitable tolling should be invoked, as [the board's judgment] is not supported by reliable, probative and substantial evidence, and is not in accordance with the law."

{¶8}    The commission appeals this judgment and assigns the following two errors for our review: "[I.] The Common Pleas Court erred and abused its discretion in determining that the decision of the State Personnel Board of Review was not supported by reliable, probative and substantial evidence; and was not in accordance

with law. [II.] The Common Pleas Court erred and abused its discretion when it held that the State Personnel Board of Review possessed non-statutory 'equitable' powers."

II

{¶9}     Here, we must review the trial court's determination that the board's decision (1) is not supported by reliable, probative, and substantial evidence and (2) is not in accordance with the law. In reaching our decision, we are "to determine only [whether] the trial court has abused its discretion * * *." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621. An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. "Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the [agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment." *Pons* at 621. "An appellate court does, however, have plenary review of purely legal questions." *Nye v. Ohio Bd. of Examiners of Architects*, 165 Ohio App.3d 502, 2006-Ohio-948, at ¶ 11.

{¶10}     Under the Revised Code, the court of common pleas "may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and any additional evidence the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of this finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12.

{¶11}    "In undertaking its review, the common pleas court must give deference to the agency's resolution of evidentiary conflicts, but 'the findings of the agency are by no means conclusive.' " *Ohio Historical Soc. v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 466, 470, quoting *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111.  In other words, "an agency's findings of fact are presumed to be correct and must be deferred to by a reviewing court unless that court determines that the agency's findings are internally inconsistent, impeached by evidence of a prior inconsistent statement, rest upon improper inferences, or are otherwise unsupportable."  *Ohio Historical Soc.* at 471, citing *Conrad* at 111-112.  "With respect to purely legal questions, however, the court is to exercise independent judgment."  *VFW Post 8586 v. Ohio Liquor Control Comm.* (1998), 83 Ohio St.3d 79, 82.

A

{¶12}    The trial court remanded the case to the board for an evidentiary hearing on the issue of whether equitable tolling should be invoked.  Therefore, we begin our analysis by determining whether equitable tolling applies to Shelton's case.  And here, we conclude that equitable tolling does not apply because the commission's misclassification did not preclude Shelton from filing his appeal to the board.

{¶13}    The crux of Shelton's argument is that due to the commission's misclassifying his employment status, Shelton did not know that he was a "public employee" until he received the September 3, 2009 OPERS letter.  Shelton claims that his window to appeal to the board should have been tolled until he received the OPERS letter because, until then, he was unaware that he had a right to appeal to the board.

{¶14}   Shelton's argument is misplaced.  Even assuming that the commission had misclassified Shelton as an independent contractor, the misclassification did not preclude Shelton from appealing to the board.

{¶15}   The state characterizes employees as either in the "classified service" or the "unclassified service."  See R.C. 124.11(A) and (B).  The board has jurisdiction over appeals lodged by "classified" employees only.   See *Olander v. Ohio Environmental Protection Agency* (1999), 134 Ohio App.3d 723, 726 ("[T]he [board] has jurisdiction to hear appeals relating to job termination filed by classified public employees and not unclassified public employees"); see also R.C. 124.03(A)(1) (providing that the board "shall exercise the following powers and perform the following duties: (1) [h]ear appeals * * * of employees in the classified state service from final decisions * * * relative to * * * discharge").

{¶16}   However, the Supreme Court of Ohio has held that the "[t]he State Personnel Board of Review has jurisdiction over appeals from removals of public employees if it determines that such employees are in the classified service, *regardless of how they have been designated by their appointing authorities*."  (Emphasis added.) *Yarosh v. Becane* (1980), 63 Ohio St.2d 5,  paragraph two of the syllabus.

{¶17}   Thus, Shelton could have appealed to the board, even if the commission had misclassified him.  The board had jurisdiction to deem Shelton a classified employee and, if the board deemed Shelton a classified employee, entertain the merits of his appeal.   Shelton cannot claim that the commission's apparent misclassification precluded him from appealing to the board prior to receiving the September 3, 2009 OPERS letter informing him that he was a "public employee."

**{¶18}** Accordingly, we find that equitable tolling does not apply to the present case.

B

**{¶19}** Having determined that equitable tolling does not apply to Shelton's case, we now consider the board's decision to dismiss Shelton's appeal as being untimely filed. We conclude that there was reliable, probative, and substantial evidence that Shelton had actual notice of the action he sought to appeal more than 30 days prior to filing his appeal. Thus, the board correctly dismissed Shelton's appeal as being untimely filed.

**{¶20}** When an appointing authority removes an employee, the Revised Code directs the appointing authority to serve the employee with a copy of an order that "shall state the reasons for the action." R.C. 124.34(B). The Administrative Code provides that appeals from orders served under R.C. 124.34 "shall be filed, in writing, within ten calendar days following the date the order is served on the employee." Ohio Adm.Code 124-1-03(A). If the appointing authority does not serve an order as provided by R.C. 124.34, then the appeal "shall be filed, in writing, with the [board] not more than thirty calendar days after the time the appellant receives actual notice of the action." Ohio Adm.Code 124-1-03(I).

**{¶21}** The record indicates that the commission never served Shelton with an order as provided by R.C. 124.34. Therefore, the 30-day appeal window provided by Ohio Adm.Code 124-1-03(I) applies, and Shelton's appeal was untimely if he had actual notice of his removal at least 30 days before he filed his appeal on September 10, 2009.

{¶22}    Shelton had actual notice of his removal no later than the date he received the letter from the commission that ratified the removal decision.  Although the letter is dated March 10, 2009, the record is unclear as to when Shelton actually received it.  There is, however, no indication that Shelton received the letter within 30 days of filing his September 10, 2009 appeal (i.e., between August 11 and September 10, 2009).    In fact, in one of his letters to the board, Shelton states that the commission's letter was "delivered by registered mail on March 10, 2009."  This language suggests that Shelton received the letter either on March 10, 2009, or shortly thereafter.  And in our view, this serves as reliable, probative, and substantial evidence that Shelton filed his appeal in an untimely manner.

C

{¶23}    In conclusion, we find the following: (1) equitable tolling does not apply to the present case and (2) there is reliable, probative, and substantial evidence that Shelton filed his appeal in an untimely manner.  As a result, the trial court abused its discretion by finding that the board's decision "is not supported by reliable, probative and substantial evidence, and is not in accordance with the law."

{¶24}    Accordingly, we sustain the commission's first assignment of error and reverse the judgment of the trial court.  Our resolution of the commission's first assignment of error renders the second assignment of error moot.  Therefore, we decline to address it.  See App.R. 12(A)(1)(c).

Judgment reversed.

HARSHA, P.J., and McFARLAND, J., concur.