HUBER, APPELLANT, *v.* CELEBREZZE, ATTY. GEN., APPELLEE.

(No. 83AP-945—Decided April 26, 1984.)

*Mr. John B. Huber, pro se.*
*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Michael H. Igoe* and *Mr. Halstead L. Stettler,* for appellee.

REILLY, J. This is an appeal from the Franklin County Common Pleas Court dismissing appellant's appeal because of lack of subject matter jurisdiction. The trial court's judgment entry reads as follows:

"This cause coming before the Court pursuant to the appellant's appeal from the decision of the State Personnel Board of Review that it lacked jurisdiction of this matter, and appellee having filed a motion to dismiss, the Court being fully advised in the premises, finds that said motion is well taken and should

be, and the same hereby is granted, for the reason that the appellant is an unclassified state employee pursuant to Revised Code § 109.03 and § 124.11(A)(11) and therefore the State Personnel Board of Review lacked jurisdiction of the appeal of this matter, and the decision of the Board was in accordance with the law and should be, and the same hereby is affirmed by this Court.

"Now therefore, it is ORDERED, ADJUDGED and DECREED that the decision of the State Personnel Board of Review is affirmed and this appeal is dismissed. Costs to appellant."

The facts show that appellant, John B. Huber, was an attorney for the state, advising the Ohio Department of Transportation in its Sidney office. He was employed as an assistant attorney general, although he contends that he was made an employee of the Attorney General classified as an "attorney 4."

Appellant was terminated effective May 14, 1983 due to an "economic cut back in personnel." He appealed this dismissal to the State Personnel Board of Review, which appeal was dismissed for lack of subject matter jurisdiction. He then appealed the board's decision to the Franklin County Common Pleas Court, and also moved for consolidation of this appeal with a mandamus action previously filed in the court.

The court denied consolidation and granted a motion to dismiss for lack of subject matter jurisdiction.

Appellant advances the following assignments of error:

"1. The Personnel Board of Review and the Trial Court, each erroneously dismissed the appeal contrary to rights of appeal, afforded to 'employees' and 'classified employees' under R.C. Section 124.328, and without evidentiary hearing, contrary to Ohio procedural rules and constitutional guaranties of due process of law.

"2. The Trial Court erred in dismissing the appeal upon the false determination that appellant was not to be considered as a member of the classified service and therefore not entitled to procedural remedies of board and court review.

"3. The Trial Court erred in dismissing the appeal, failing to implement appellant's rights afforded under Ohio Constitution Article XV, Section 10, and failing to construe recent civil service legislation in concert with those constitutional rights.

"4. The Trial Court abused its discretion in denying the motion to consolidate the within appeal with the companion action in mandamus, which sought the identical relief and raised common questions of law and fact; the Trial Court further erred in deciding the motion to consolidate without benefit of the hearing envisioned by Civil Rule 42(A).

"5. The appeal from the decision of the Personnel Board of Review was erroneously dismissed upon grounds going to the merits of the appeal, in the face of the motion to dismiss which had attacked only the venue and subject matter jurisdiction of the Trial Court, and in the face of a finding which served to deprive the Trial Court of subject matter jurisdiction over the merits of the appeal."

Appellant's first and second assignments of error are interrelated and are considered together. The record indicates that appellant was an assistant attorney general. R.C. 109.03 reads as follows:

"The attorney general may appoint a first assistant attorney general, a chief counsel, and assistant attorneys general, each of whom shall be an attorney at law, to serve for the term for which the attorney general is elected, unless sooner discharged by him, and each shall perform such duties, not otherwise provided by law, as are assigned him by the attorney general."

An assistant attorney general

serves at the pleasure of the Attorney General and, consequently, may be terminated from that position at any time at the option of the Attorney General. Moreover, R.C. 124.11(A)(11) provides that assistant attorneys general are in the unclassified service. The Supreme Court of Ohio has held in *State, ex rel. Ryan,* v. *Kerr* (1932), 126 Ohio St. 26, that an assistant city prosecutor is in the unclassified service and may be removed summarily by the city law director because he holds his position at the pleasure of the appointing authority. This is parallel to the present case, and an assistant attorney general can be summarily removed by the Attorney General, the appointing authority.

The layoff statutes, R.C. 124.321 through 124.328, only provide the procedure for laying off employees who are subject to layoff and do not restrict the right of an appointing authority to terminate an unclassified employee. The powers of the State Personnel Board of Review are set forth in R.C. 124.03 and the board is limited to hearing appeals of employees in the classified state service. See *State, ex rel. Pennington,* v. *Ross* (1980), 63 Ohio St. 2d 58 [17 O.O.3d 36]. The powers of the board cannot be enlarged by R.C. 124.328, effective April 26, 1982, without also amending R.C. 124.03, which predated R.C. 124.328.

In sum, therefore, R.C. 124.11(A)(11) specifically exempts assistants to the Attorney General from the classified service. Appellant is such an assistant, appointed pursuant to R.C. 109.03 and acting within R.C. 109.12, whatever his classification for salary purposes or argument concerning policymaking or fiduciary responsibility. The very nature of legal advice and counsel involves policy implications. Consequently, it follows that the rational intent of the General Assembly was to place such positions in the unclassified service. Thus, the board was without subject matter jurisdiction to hear appellant's

appeal, he being a member of the unclassified service. Hence, it follows that the common pleas court did not have jurisdiction over appellant's subsequent appeal.

Accordingly, appellant's first and second assignments of error are not well-taken and are overruled.

Appellant's third assignment of error is also not well-taken. Assistant attorneys general positions are not required to be filled by competitive examination, and considering the policymaking implications, are correctly placed in the unclassified service. Thus, the classified/unclassified distinction, being permitted under Section 10, Article XV of the Ohio Constitution, does not violate appellant's constitutional rights.

Therefore, appellant's third assignment of error is overruled.

Appellant's fourth and fifth assignments of error are interrelated and are considered together. The consolidation of appellant's two actions were within the sound discretion of the trial court. One action was an appeal from the State Personnel Board of Review and the other was an original action in mandamus. The standard of review and burden of proof are distinctly different. Thus, it was not an abuse of discretion for the trial court to deny consolidation in these actions.

Finally, even if the above-quoted entry contained matters not properly decided by the court, any error is harmless, considering that the court acted on a motion to dismiss and dismissed for lack of subject matter jurisdiction. The trial court dismissed the action and any other disposition was made without jurisdiction, and consequently is void.

Therefore, appellant's fourth and fifth assignments of error are also overruled.

Appellant's "Application for Reconsideration" (App. R. 26) is not well-taken and is overruled. Since this court

had announced no decision in the instant case at the time of appellant's application, said application is premature. Nevertheless, this court has considered the legal arguments set forth in the application, and finds them not persuasive.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and MOYER, JJ., concur.

WHITESIDE, J., concurring. The underlying gravamen of our opinion herein is that an attorney employed by the Attorney General to perform services only an attorney can perform is an assistant attorney general as a matter of law in accordance with R.C. 109.03 and, thus, is in the unclassified civil service pursuant to R.C. 124.11(A)(11). No error or misnomer made by the Director of Administrative Services (or the Attorney General) in assigning an assistant attorney general to a pay classification of "attorney," rather than "assistant attorney general," can operate to change his status from unclassified to classified or his position from that of assistant attorney general to some other type of attorney position which can be performed only by an attorney employed by the Attorney General.

Accordingly, I concur in the opinion and judgment.