MERRITT, Appellant,

v.

CANTON TOWNSHIP BOARD OF TRUSTEES et al., Appellees.

[Cite as *Merritt v. Canton Twp. Bd. of Trustees* (1998), 125 Ohio App.3d 533.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 1997CA00104.

Decided Feb. 2, 1998.

*Robert J. Tscholl,* for appellant.

*Reminger & Reminger Co., L.P.A.,* and *John D. Latchney,* for appellees.

WISE, Judge.

Appellee Canton Township Board of Trustees hired appellant Charles Merritt as the Canton Township zoning inspector on June 1, 1991. Appellant held this position until January 2, 1996. On that date, the trustees conducted an organizational meeting and voted not to rehire appellant as the zoning inspector.

Trustee Lou Ann Lehmiller stated on the record that she voted not to rehire appellant because he had issued a zoning permit to Stark Community Dispatch, a company that provides dispatch services for local fire departments, to operate in an area zoned rural residential. After nearly three years of operation in the rural residential zone, Stark Community Dispatch filed an application for reclassification of property. The Stark County Regional Planning Commission recommended approval of the proposed rezoning to the Canton Township Zoning Commission.

Appellant appealed his termination to the Stark County Court of Common Pleas on March 20, 1996. Appellee moved for summary judgment, and appellant moved for partial summary judgment. On March 12, 1997, the trial court issued a judgment entry granting appellee's motion for summary judgment and denying appellant's motion for partial summary judgment.

Appellant timely filed his notice of appeal and sets forth the following assignments of error:

"I. The Stark County Court of Common Pleas erred in granting appellee's motion for summary judgment as there is a material issue of fact regarding Mr. Merritt's liberty interest in continued employment by the Canton Township Board of Trustees.

"II. The Stark County Court of Common Pleas erred in granting appellee's motion for summary judgment as there is a material issue of fact regarding whether Mr. Merritt's employment relationship was changed from an at–will relationship."

### Summary Judgment Standard

Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 78–79, 506 N.E.2d 212, 215. Therefore, we must refer to Civ.R. 56, which provides:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

Pursuant to this rule, a trial court may not enter summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates that the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, 1170–1171, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

It is based upon this standard that we review appellant's assignments of error.

## I

Appellant contends, in his first assignment of error, that he had a liberty interest in his continued employment by appellee such that he was entitled to procedural due process. Based upon this liberty interest, appellant claims that he was entitled to a predeprivation hearing and a full name-clearing hearing following the termination of his employment. We disagree.

■ In addressing this assignment of error, we must first determine whether appellant was a classified or unclassified employee with the township. Pursuant to R.C. 124.11(B) and 124.01(G), we find that appellant was an unclassified employee. R.C. 124.11(B) provides as follows:

"The classified service shall comprise all persons in the employ of the state and the several counties, cities, city health districts, general health districts, and city school districts thereof, not specifically included in the unclassified service."

Townships and villages are not included in the above definition. Further, Canton Township is not a "civil service township" as defined in R.C. 124.01(G). "Civil service township" is there defined as "any township with a population of ten thousand or more persons residing within the township and outside any municipal corporation, which has a police or fire department of ten or more full-time paid employees, and which has a civil service commission established under

division (B) of section 124.40 of the Revised Code." Canton Township has not created a "civil service township." Further, the employee manual that appellant refers to provides:

"SECTION 1 Canton Township Trustees' Authority

"The Canton Township Trustees by statute, may suspend, demote or discharge employees in their employ. Generally, all employees serve at the pleasure of the Board of Trustees."

■ An unclassified employee is appointed at the discretion of the appointing authority, accrues no tenure, and serves at the pleasure of the appointing authority. An unclassified employee can be dismissed from his or her position without cause absent any discrimination or malfeasance. *Deoma v. Shaker Hts.* (1990), 68 Ohio App.3d 72, 81, 587 N.E.2d 425, 430–431, *Eudela v. Ohio Dept. of Mental Health & Mental Retardation* (1986), 30 Ohio App.3d 113, 30 OBR 213, 506 N.E.2d 947, paragraph one of the syllabus; *Lee v. Cuyahoga Cty. Court of Common Pleas* (1991), 76 Ohio App.3d 620, 622, 602 N.E.2d 761, 762–763.

■ Employees in unclassified service hold their positions at the pleasure of the appointing authority, may be dismissed from their employment without cause, and are afforded none of the procedural safeguards available to those in classified service. *Suso v. Ohio Dept. of Dev.* (1993), 93 Ohio App.3d 493, 499, 639 N.E.2d 117, 120–121, *Huber v. Celebrezze* (1984), 14 Ohio App.3d 299, 301, 14 OBR 356, 358–359, 471 N.E.2d 181, 183–184. Thus, an unclassified employee, lacking a property right, may be discharged without a hearing. *Shearer v. Cuyahoga Cty. Hosp., Sunny Acres* (1986), 34 Ohio App.3d 59, 60, 516 N.E.2d 1287, 1288. Based upon the Ohio Revised Code and case law, we find that appellant was an unclassified employee.

■ We will now address appellant's claim under Section 1983, Title 42, U.S. Code. In order to state a claim under Section 1983, appellant must demonstrate that his procedural due process rights were violated. To establish a due process violation, it must be shown that the conduct complained of deprived appellant of a liberty or property interest without adequate procedural safeguards. *Bd. of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548, 556. We have already determined that appellant has no property interest in his employment as an unclassified employee. Absent a property interest, a name-clearing hearing is required only if the employer creates and disseminates a false and defamatory impression about the employee in connection with his termination so as to infringe his right to liberty. *State ex rel. Kilburn v. Guard* (1983), 5 Ohio St.3d 21, 23, 5 OBR 81, 83–84, 448 N.E.2d 1153, 1155–1156.

A liberty right is infringed when the following elements are established: "(1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) made public (5) by the governmental employer (6) without a meaningful opportunity for employee name clearing." (Footnotes omitted.) *Buxton v. Plant City* (C.A.11, 1989), 871 F.2d 1037, 1042–1043.

Appellant fails to meet the first requirement to establish the infringement of a liberty right because we find, as did the trial court, that Lehmiller's statement was not false. Appellant signed the zoning permit allowing Stark Community Dispatch to establish business in an area zoned rural residential. Appellant did not even attempt to prove this statement false. Further, appellant produced no evidence that his employment opportunities were foreclosed. Appellant admitted that he did not try to find another job and also stated that the nonrenewal did not affect his ability to find another job because persons he has consulted with know him.

Based upon the above, we find that appellant did not have a property interest or a liberty interest in continued employment by Canton Township. Therefore, he was not denied procedural due process when he was not afforded a predeprivation hearing or full name-clearing hearing following the termination of his employment. The trial court properly granted summary judgment on this claim.

Appellant's first assignment of error is overruled.

## II

Appellant contends, in his second assignment of error, that the Canton Township Employee Handbook altered the employer-employee relationship from an at-will relationship and that appellant was therefore justified in relying on the terms of the handbook. We disagree.

Prior to addressing this assignment of error, we note that a question exists concerning the validity of the handbook. This is due to the fact that the outgoing board of trustees attempted to adopt an employee handbook prior to leaving office. However, the outgoing board did not declare an emergency, which would have eliminated the necessity of two readings before the public. Appellee claims that the handbook is therefore void *ab initio*. We will not directly address this issue on appeal, but instead assume that the handbook was properly adopted by the outgoing board.

Appellant claims, in his complaint, that his employment was governed by R.C. 511.10. This statute provides:

"The board of township trustees may appoint such superintendents, architects, clerks, laborers, and other employees as are necessary and fix their compensa-

tion. Any person so appointed may be removed by a majority of the members of such board at any time."

The Ohio Supreme Court has held that "the power to appoint without interference also implies the power to discharge." *State ex rel. Minor v. Eschen* (1995), 74 Ohio St.3d 134, 139, 656 N.E.2d 940, 945. Clearly, this statute, which appellant relies upon, establishes that his employment as at will.

Appellant also argues under this assignment of error that the language "all civil service rules and regulations" changed his status of employment. We disagree because, as noted in appellant's first assignment of error, Canton Township is not a civil service township as defined in R.C. 124.01(G). Further, the handbook contains language that specifically precludes the creation of classified service. See Section 1 of the employee handbook, addressing township trustees' authority.

We also find that appellant's claim that he has an oral contract of employment is invalid, under R.C. 1335.05, because it violates the Statute of Frauds in that any contract for more than one year must be in writing. Finally, and most important, appellant admitted, at his deposition, that he did not rely upon the employee handbook. Appellant testified as follows:

"Q: All right. You weren't relying upon this handbook, were you?

"A: With respect to what?

"Q: Relative to governing the future terms of your employment.

"A: No. I had no reason to because there was nothing that I had done to cause me to be discharged.

"Q: I guess my question is you weren't relying on the handbook; is that right?

"* * *

"A: No. Why should I?"

We find that the employee handbook did not alter appellant's employment with Canton Township so as to create any contractual rights. Further, appellant admitted that he did not rely upon the handbook. The trial court properly granted summary judgment, as no material issue of fact exists as to whether the employer-employee relationship was altered by the employee handbook.

Appellant's second assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

*Judgment affirmed.*

READER, J., concurs.

GWIN, P.J., dissents.

GWIN, Presiding Judge, dissenting in part.

I dissent in part from the decision reached by the majority because I believe on this record that appellant was entitled to a full name-clearing hearing. Trustees Lehmiller and Decker voted not to rehire appellant because he allegedly permitted Stark Community Dispatch to operate illegally and because he neglected his duties as zoning inspector. The trustees refused appellant's requested name-clearing hearing because they were informed, incorrectly, that appellant's request was untimely. The trustees acknowledged that if appellant's request had been timely, they would have afforded him the hearing.

The trial court and the majority find that the statements were true. In his deposition, appellant testified that the publicity surrounding Stark Community Dispatch and the illegality of its operations gave rise to speculation and innuendo regarding appellant's role in the situation, which damaged his personal reputation in the community, even if, as the majority points out, it did not damage him in the eyes of the persons with whom he consulted. I believe that this is sufficient to entitle appellant to a name-clearing hearing to put to rest the speculation and innuendo occasioned by the trustees' action.

I concur in the balance of the majority's findings.