OPINION
Bill Carroll was a full-time employee at the Harrison Township Road Department. His job performance included the patching and repairing of road surfaces and snow removal. In September of 1995, while employed by the Harrison Township Board of Trustees as a road maintenance worker, Mr. Carroll's home was raided by the FBI. As a result of the raid, Mr. Carroll was charged by way of a Bill of Information in the United States District Court for the Southern District of Ohio, Western Division, with violating 18 U.S.C. § 2252(a)(2), Section 2253(a)(1), and Section2253(a)(3). Count 1 of the Indictment provided:
 During late 1994, on or about the date set forth below, in the Southern District of Ohio, Billy Wade Carroll a/k/a Bill Carroll, the defendant did knowingly receive the following visual depictions that had been shipped and transported in interstate commerce by computer, and as the defendant knew, the production of each such visual depiction involved the use of a minor engaging in sexually explicit conduct and each such visual depiction was of such conduct: 11/18/94 BV000013.jpg, 11/18/94 BV000039.jpg, 12/16/94 SLURPY 26 LL01.jpg, 12/16/94 BoyBALLs.GIF.
Mr. Carroll pled guilty to the charge and was placed on probation in March of 1999. At some point between March 2, 1999, when Carroll was placed on probation by Judge Walter Rice, and March 15, 1999, Randall Brooks, the Road Services Director, became aware of Mr. Carroll's conviction.
On June 25, 1999, Township Administrator, Marlyn Flee, informed Carroll that he would recommend to the Township Trustees that they dismiss Carroll for engaging in conduct in violation of Section 5.1, 5.3, and 5.5 of the Township's personnel policy.
At the hearing before the trustees on July 9, 1999, Marlyn Flee testified that he recommended Carroll's dismissal because Carroll's federal conviction in 1999 represented immoral conduct in violation of the township personnel rules. (Tr. 14).
Flee also testified he had received the transcript of the hearing that took place before Judge Rice on May 10, 1999. At the hearing, Rosemary Federle, a counselor with the South Dayton Behavioral Health Center, testified that Carroll attended voluntary sex offender counseling from October 14, 1998, to the date of the hearing. Ms. Federle testified that she initially classified Carroll as a high risk sexual offender using the Bays and Freeman Longo Evaluation Scale. She stated that offenders in this high risk category need intensive supervision.
Ms. Federle testified that after Carroll had participated in therapy for some nine months, his risk of reoffending had diminished markedly, and she would not classify Carroll as a pedophile according to the criteria for classifying pedophiles. (Tr. 7). Federle testified she believed that Carroll had really taken to heart what he had done, and she believed a new evaluation would turn out quite differently. She also testified that Carroll would remain on the sex offenders' therapy program for the full eighteen month period.
Carroll testified that he had been employed for the Township since June 25, 1990, that he had always worked very hard for the Township, and that he had never refused to work overtime. He also indicated he had been injured on the job several times.
Per Resolution 79-1999, signed by two of the three attending trustees and adopted on July 12, 1999, the Board of Trustees found Carroll guilty of violating Rules 5.1, 5.3, and 5.5 of the Township Personnel Policy and terminated his employment. From the judgment of the Board of Trustees, Carroll filed a Notice of Appeal to the Court of Common Pleas of Montgomery County, Ohio on July 22, 1999, pursuant to Chapters 2505 and 2506 of the Ohio Revised Code. Subsequently, on March 15, 2001, the Common Pleas Court affirmed the decision of the Board of Trustees. From that judgment, Carroll filed his Notice of Appeal herein on April 16, 2001.
In his sole assignment of error, Carroll argues that the judgment of the trial court is not supported by a preponderance of substantial, reliable, and probative evidence and is contrary to law.
Carroll contends that the record before the court is devoid of any evidence that his conviction adversely affected work production, employee morale, maintenance of discipline, or the reputation of the township. As such, he argues that his conviction was a minor violation pursuant to the guidelines adopted by the township for determining appropriate discipline for its employees.
Carroll further argues that his conviction was a minor violation under the guidelines, and that he should have received, at most, a written reprimand.
The Trustees argue that the trial court's judgment is supported by a preponderance of substantial, reliable and probative evidence. In this regard, the Trustees claim that Carroll's conviction for a federal felony violates Rule 5.3 of the Township Personnel Policy, which prohibits criminal or immoral conduct that adversely affects the confidence of the public in the integrity of the township's government. The Trustees also contend that Carroll's conviction is a major violation of the township rules and that they could dismiss Carroll pursuant to the personnel manual of recommended penalties. Additionally, the Trustees argue that Carroll works at the pleasure of the township because Ohio law permits the removal of township employees at any time.
The Trustees cite the case of Merritt v. Canton Township Board ofTrustees (1998), 125 Ohio App.3d 533, in support of their argument that Carroll is an at-will employee who could be terminated for any reason. InMerritt, the Fifth District Court of Appeals held that a zoning inspector was an unclassified employee, did not have property or liberty interests in continued employment, and thus was not denied procedural due process when he was not afforded pre-deprivation hearing or full name-clearing hearing following termination. Id. at 538. The court also held that an employee handbook did not alter the inspector's at will employment relationship with the township board of trustees. Id. at 539. InMerritt, the board of trustees simply conducted an organizational meeting and summarily voted not to rehire the inspector. Id. at 535. Nonetheless, the Fifth Circuit Court of Appeals concluded that since the inspector was an "at will" employee, he could be terminated for any reason.
We agree with the Trustees that the judgment of the trial court in this case should not be disturbed. Carroll's conviction fits comfortably within Offense 17, which covers violations of the personnel manual, rules or regulations "not already covered above." The trustees could fairly characterize Carroll's conviction as a violation which adversely affects the reputation of the township in a direct way for which dismissal is an appropriate discipline.
We also find the Merritt case to be persuasive. The Ohio Supreme Court has held that the power to appoint without interference also implies the power to discharge. State ex rel. Minor v. Eschen (1995), 74 Ohio St.3d 134,139. There is no evidence that Harrison Township is a civil service township as defined by R.C. 124.01(G).
Finally, our standard of review in these matters is quite limited. We must affirm the common pleas court unless we find the trial court's judgment was erroneous as a matter of law. Within the ambit of "questions of law" for appellate court review would be abuse of discretion by the common pleas court. Kisil v. Sandusky (1984), 12 Ohio St.3d 30.
We do not find the trial court's decision erroneous as a matter of law. Its judgment is supported by a preponderance of the reliable, probative, and substantial evidence. There is no abuse of discretion present in the trial court's judgment. Accordingly, the assignment of error must be overruled.
Based on the above discussion, the judgment of the trial court isAffirmed.
FAIN, J., and YOUNG, J., concur.