OPINION
{ ¶ 1} In this administrative appeal, appellant, David R. Ford, timely appeals a decision by the Trumbull County Court of Common Pleas which upheld the Newton Township Board of Trustees ("the township") termination of appellant's employment with the township. For the reasons that follow, we affirm.
{ ¶ 2} Appellant was employed full time by the township for approximately six years as a road department and cemetery supervisor. On November 30, 2004, Ford was issued written notice that a disciplinary hearing, wherein he was the subject of the potential discipline, would be held by the township on December 2, 2004. Ford attended the hearing with legal counsel.
{ ¶ 3} The disciplinary hearing was the result of certain actions taken by Ford in response to two direct orders given to Ford by board members. On an uncertain date prior to December 2, 2004, Mr. Augusta, a board member, asked Ford to "hose off the backhoe and put it away." Ford refused the request. Specifically, Ford advised Augusta, "no * * * give me three days off. I'm not going." Augusta reiterated his request and Ford again refused in the same manner. According to Ford, the order to hose off the equipment was rendered at five minutes to the close of Ford's shift. Ford had an appointment in Warren, Ohio and could not stay after hours to complete the task. However, Ford neglected to advise Augusta of this appointment and instead simply refused to follow the order. Ford did complete the task the following day.
{ ¶ 4} Ford also failed to follow the order of another board member on or about November 3, 2004. On this day, Ford was asked by Mr. Woloski to assist in cleaning out a pole barn. Woloski asked all the workers to help clean out the pole barn. Ford claimed that since Woloski didn't ask him personally, he did not feel he was obligated to complete the task.
{ ¶ 5} Following the hearing, which was conducted in executive session, the township gave Ford two options. First, Ford could allow the township to handle the disciplinary matter or Ford could provide a letter of resignation. Ford was provided an opportunity to discuss the matter with his legal counsel. Following other township business, a motion was made to suspend Ford for five days as a disciplinary measure. That motion died for lack of a second motion. A motion was then made to terminate Ford's employment. This motion passed unanimously.
{ ¶ 6} Appellant appealed the township's administrative decision to the Trumbull County Court of Common Pleas pursuant to R.C. 2506.01. The trial court issued a judgment entry on February 28, 2006 upholding the administrative decision by the township which terminated appellant's employment. The court held, in accordance with R.C. 2506.04, that the township ruling was not unconstitutional, illegal, arbitrary, capricious or unreasonable. The court further found that the decision "* * * was supported by a preponderance of substantial, reliable and prohibitive evidence in the whole and in the record." Our role on appeal is to determine "* * * whether the common pleas court properly applied the standard of review set forth in R.C. 2506.04." Snyder v. BeavercreekTwp., 2d No. 2005-CA-53, 2006-Ohio-1612, at ¶ 25.
{ ¶ 7} Appellant assigns the following error for our review:
{ ¶ 8} "[1.] Despite the existence of an at-will employment relationship between David R. Ford and the Newton Township Trustees, the Trustees have terminated the employment of David R. Ford in violation of the promissory estoppel exception to the At-Will Employment Doctrine [sic]. The Appellant [sic] was discharged in violation of the Township's progressive disciplinary policy and relied to his detriment on this policy."
{ ¶ 9} The township has gone to great lengths to prove that appellant is an employee in an unclassified civil service position. There is nothing in the record to indicate that appellant's employment position was anything other than that of an unclassified civil servant, nor has appellant charged on appeal that he is entitled to the tenure granted to those in civil service employment. Therefore, for the purposes of this appeal, we do not find any discrepancy that appellant was an unclassified civil servant employed by the township. Rather, we find that pursuant to appellant's own admission and pursuant to R.C. 511.10, appellant was an at-will employee. The only question that remains is whether that at-will status was altered by the employee handbook.[1]
 { ¶ 10} R.C. 511.10 provides townships with the authority to hire and discharge at their will. "The board of township trustees may appoint such superintendents, architects, clerks, laborers, and other employees as are necessary and fix their compensation. Any person so appointed may be removed by a majority of the members of such board at any time." R.C.511.10. This express power to appoint also encompasses the express right to terminate. Merritt v. Canton Twp. Bd. of Trustees (1998),125 Ohio App.3d 533, 539; see, also, State ex rel. Minor v. Eschen (1995),74 Ohio St.3d 134, 139.
{ ¶ 11} While appellant acknowledges that his employment status with the township was that of an at-will employee, appellant claims that this status was trumped by the employee handbook issued by the township which, according to appellant, provided for a progressive disciplinary procedure prior to termination. Appellant relies on the equitable theory of promissory estoppel to support his argument. Promissory estoppel is defined as "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promise or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."Shampton v. City of Springboro, 98 Ohio St.3d 457, 2003- Ohio-1913, at ¶ 33 quoting Restatement of the Law 2d, Contracts (1981), Section 90.
{ ¶ 12} The township employee handbook was adopted in 1998, prior to Ford's employment. The "Rules of Conduct" section of the handbook states in part, "[i]nfraction of these rules may result in disciplinary action up to and including discharge." This same section identifies a list of infractions that would warrant disciplinary action. Number 28 states, "[f]ailing to carry out orders and instructions of a reasonable nature with the understanding that refusal to do so, whether indicated by verbal communication or failure to perform the assignment, will constitute insubordination." The section further states: "[f]ailing to abide [by] the above listed rules without a justifiable excuse may subject an employee to any one of the following discipline procedures, depending on the seriousness of the violation." The handbook then outlines a series of progressive disciplinary steps where the first offense is punishable by a verbal warning followed by more severe reprimands for the second, third, and fourth violations. The fifth violation is punishable by a ten-day suspension. Immediately below this discipline outline, the handbook reads, "[a]ny further violation of the same offense will be grounds for discharge!"
{ ¶ 13} Appellant claims that he relied on this progressive disciplinary structure to his detriment. We are not convinced. Disregarding the ambiguities in the disciplinary procedures described above, appellant has failed to demonstrate how he detrimentally relied on the handbook. In fact, the record supports just the opposite. When confronted by Augusta in regard to his blatant refusal to follow Augusta's directive, appellant replied, "I'm not doing it. Give me three days off." According to the progressive disciplinary outline, appellant's offense would not have been punishable by three days off until his fourth offense. Clearly, appellant was not relying on the specific outline provided in the handbook.
{ ¶ 14} Appellant also calls our attention to a record of proceedings from an October 19, 1998 meeting of the township which addressed disciplinary procedures. According to the minutes of the meeting, "RESOLUTION #10-01-98: George Prelac motioned seconded by Jeff Nemet that (1) Official written reprimand. (2) Up to three days off. (3) Dismissal the final step in discipline of an employee." Again, appellant has failed to demonstrate how he relied on this resolution when he first argues that he never received a written reprimand.
{ ¶ 15} In Merritt, the Fifth District addressed an identical situation. Merritt, supra. The Fifth District found that the employee handbook did not alter the claimant's at-will status. InMerritt, the employee admitted in a deposition that he did not rely on the employee handbook. Id. at 539. In this case, appellant's own words during the incidents of insubordination clearly indicate he was not relying on the handbook.
{ ¶ 16} In addition, even if we were to conclude that appellant had relied to his detriment on the handbook, promissory estoppel has long been held inapplicable against the state or its agencies in the exercise of their official capacities. Ohio St. Bd. of Pharm. v. Frantz (1990),51 Ohio St.3d 143, 145-146; accord, Shampton, supra, at ¶ 34. There are statutory limitations on the power of government bodies. "Persons seeking to enter into a contractual relationship with a governmental entity are on constructive notice of the statutory limitations on the power of the entity's agent to contract." Id. Unfortunately, the doctrine against applying promissory estoppel to public entities may, at times, seem harsh to those on the opposite end of the spectrum. Certainly, the termination felt harsh to appellant herein. However, appellant was aware that he was an unclassified civil service employee pursuant to the blanket power granted to townships in R.C. 511.10. That blanket power to hire also includes unrestricted power to terminate. "Protection of the public's resources in this context sometimes comes with a cost to misinformed parties." Id. at ¶ 35.
{ ¶ 17} Appellant's single assignment of error is without merit.
{ ¶ 18} For the reasons stated in the Opinion of this court, the assignment of error is not well taken. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.
[1] The township filed a suggestion of lack of subject matter jurisdiction with this court on August 23, 2006. This suggestion, interpreted as a motion, was denied on October 13, 2006. The township did not assert lack of subject matter jurisdiction in its brief to this court and therefore, we do not address that argument herein except to note that the challenge to subject matter jurisdiction was denied.
DIANE V. GRENDELL, J., concurs, COLLEEN M. O'TOOLE, J., concurs in judgment only.